FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

AUG 15 2005

JAMES W. McCORMACK, CLERK
By:_____
                    DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION - HELENA DIVISION

| | |
|---|---|
| IAN ARNOF, NBC TRUST DEPARTMENT, MEMPHIS, TENNESSEE, TRUST OFFICERS FOR IAN ARNOF IRREVOCABLE TRUST, AND ANN ARNOF FISHMAN | PLAINTIFFS |
| VS.      CASE NO. 2-04-CV-142 | |
| M. D. THOMPSON & SON CO., JOHN G. THOMPSON AND H. RIPLEY THOMPSON | DEFENDANTS |

## PROTECTIVE ORDER

Whereas, a Subpoena Duces Tecum has been served on the Federal Deposit Insurance Corporation ("FDIC") by counsel for Plaintiffs, requiring the production of certain FDIC documents relating to the Bank of McCrory, McCrory, Arkansas ("Bank");

Whereas, the FDIC contends that the documents are privileged and confidential and subject to the rules and regulations promulgated pursuant to the Federal Deposit Insurance Act (12 U.S.C. § 1811-1831y) regarding the disclosure of FDIC documents (12 C.F.R. Part 309);

Whereas, the Regional Counsel of the Dallas Region of the FDIC has stated that she is willing to make the FDIC's documents relating to the Bank available to the parties to this action for their use in the preparation and trial of this action, subject to the terms of this Protective Order.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. All information contained in the documents furnished and identified as confidential documents by the FDIC with a confidential stamp affixed thereto, and any other information made available for inspection or produced by the FDIC in connection with this action, including information disclosed during document discovery, depositions, hearing, trial, or in any other way shall be treated as confidential. With respect to such documents and information, counsel for the parties to this action shall take all steps necessary to ensure that such documents and information shall not be disclosed except pursuant to the terms of this Protective Order.

2. All FDIC confidential documents and information shall be used only in connection with the trial of this case and with matters preliminary or directly related thereto.

3. The contents of FDIC confidential documents shall not, without leave of Court, be communicated in any way to anyone other than the Court, the parties, and counsel for the parties in this action, except as provided in paragraphs 6 and 7 below. Each party to this action and their counsel shall be advised of the terms of this Protective Order and shall agree, in writing, to be bound by it. Every person having access to FDIC confidential documents shall acknowledge in writing that he or she has read this Protective Order, agrees to

be bound by it, and recognizes that any disclosure in violation of this Protective Order will constitute a contempt of court.

4.     All information subject to confidential treatment in accordance with the terms of this Protective Order that is filed with the Court, and any pleadings, motions or other papers filed with the Court disclosing any confidential information, shall be filed under seal and kept under seal until further Order of the Court.

5.     Any party offering any portion of FDIC confidential documents into evidence at trial shall offer only the pages relevant to the issues in dispute and shall purge any portions of those pages which contain information not relevant or material to the issues in this case. All names of persons or entities contained in FDIC confidential documents who are not parties to this action, or whose names are not otherwise relevant to the issues being litigated, shall be purged prior to the admission into evidence of the page in question. If there is disagreement among the parties to this action regarding what portions of the FDIC confidential documents should be purged, the Court shall review those portions in camera to determine relevancy.

6.     Subject to the other terms and conditions set forth in this Protective Order, FDIC confidential documents and information may be used at the depositions conducted in this

action. Attendance at depositions taken in this action at which FDIC confidential documents or any information contained therein is identified, discussed, or disclosed shall be limited to the deposition notary, the witness, counsel for the witness, the parties, and counsel for the parties. In addition, prior to disclosure of any FDIC confidential documents or information obtained from such documents at a deposition in this action, the deponent and his counsel (if such counsel is not representing a party to this action and already subject to the terms of this Protective Order) shall be required to acknowledge on the record or in writing that he or she has read this Protective Order, agrees to be bound by it, and recognizes that any disclosure in violation of this Protective Order shall constitute a contempt of court.

7. Subject to the other terms and conditions set forth in this Protective Order, the contents of FDIC confidential documents and information may be disclosed or communicated to persons who are assisting counsel in the preparation and trial of this action, and to persons who may be called upon by any party to testify in this action with respect to FDIC confidential documents or information. Before obtaining access to FDIC confidential documents or information, each person shall acknowledge in writing that he or she has read this Protective Order, agrees to be bound by it, and recognizes that any

disclosure in violation of this Protective Order shall constitute a contempt of court.

8.   If any portion of FDIC confidential documents is used for any purpose in this action, including without limitation, at depositions, hearings, trials, or appeals, the documents shall be sealed, and any briefs, transcripts, or other writing quoting or referring to any statement contained in such FDIC confidential documents shall also be sealed.

9.   At the conclusion of this action, all FDIC confidential documents in the possession or control of any person granted access to such FDIC records under this Protective Order, including all copies, extracts, and summaries thereof, shall be returned to Michael R. Tregle, Senior Regional Attorney, FDIC, 5100 Poplar Avenue, Suite 1900, Memphis, Tennessee 38137.

10.   Sanctions will be imposed on any individual granted access to FDIC confidential documents and information under this Protective Order who uses such documents or information for any purpose other than the preparation, trial, or appeal of this action or otherwise violates the terms of this Protective Order.

SO ORDERED on this 12 day of August, 2005.

The Honorable James Moody
United States District Court
Eastern District of Arkansas
Eastern Division - Helena Division